PEOPLE v ZION

Docket No. 43349. Submitted September 4, 1979, at Detroit.—Decided
    November 7, 1979.

    Darrell N. Zion was convicted, on his plea of guilty, of delivery of
    heroin, Muskegon Circuit Court, John H. Piercey, J. Defendant
    appeals, alleging that the facts elicited at the plea-taking
    proceeding failed to show that he knew the controlled sub-
    stance which he delivered was heroin. *Held:*

    It is not necessary, to satisfy the controlled substance statute,
    that the defendant know what kind of controlled substance he
    delivered. Additionally, in this case an inculpatory inference
    that the defendant knew the substance to be heroin could
    reasonably be drawn by a factfinder from the facts admitted by
    the defendant.

    Affirmed.

DRUGS AND NARCOTICS — CRIMINAL LAW — PLEA OF GUILTY —
    HEROIN — FACTUAL BASIS FOR PLEA.

    A sufficient factual basis is established for acceptance of a plea of
    guilty of delivery of heroin where it is clear that the defendant
    knew that he was delivering a controlled substance even
    though he claims that he did not know that the substance was
    heroin and where an inculpatory inference that the defendant
    knew the substance to be heroin could reasonably be drawn by
    a judge or jury from the facts admitted by the defendant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Gerald D. Warner,*
Prosecuting Attorney, *David L. Bossenbroek,* Chief
Assistant Prosecuting Attorney, and *Stephen C.
Corwin,* Assistant Prosecuting Attorney, for the
people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 484-487.
    Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

*William C. Marietti,* for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant appeals his plea-based conviction of delivery of a controlled substance, heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a).[1]

Defendant's sole contention is that the facts elicited at the plea proceeding failed to show that defendant knew the controlled substance delivered was heroin.

The following colloquy taken from the transcript indicates what transpired at the plea proceeding:

"THE COURT: Will you tell me what you did on or about April the 14th with respect to this offense?

"DEFENDANT: I was visiting an inmate at the Correctional Facility of Muskegon, and Frances Hunt handed me a balloon to hand to another guy·that we were visiting, Randy Osborn, and I accepted it from her and handed it to Randy Osborn.

"THE COURT: Well, I don't know that there is anything in the law about balloons.

Did you have some heroin in the balloon?

"DEFENDANT: Yes, I knew it at the time it had some type of drugs in it.

"THE COURT: Well, did you know what it was that was in it?

Or had you been told what it was?

"DEFENDANT: I didn't know exactly what it was, but I knew—.

"THE COURT: I'm not asking you if you tested it. I'm just asking: Had anybody told you what was in this thing, this balloon?

"THE DEFENDANT: Not at the time, no.

---

[1] The Controlled Substances Act is now covered in the new Michigan Public Health Code and is almost identical to the old act. See MCL 333.7210 *et seq.;* MSA 14.15(7210) *et seq.*

"THE COURT: You didn't know what you were handing in?

"DEFENDANT: No, I knew it was a controlled substance, but I didn't know what kind it was."

GCR 1963, 785.7(3) requires a trial judge to establish a sufficient factual basis for a plea before accepting it. From the transcript, it is clear that defendant knew he was delivering a controlled substance, which is all that is required by the statute.

The fact that the penalty may be more severe because the controlled substance turned out to be heroin rather than some other drug is of no moment as far as the guilty plea is concerned. An inculpatory inference that the defendant knew the substance to be heroin could reasonably be drawn by a judge or jury from the facts admitted by the defendant. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

Affirmed.